F. H. IVES, A TAXPAYER AND CITIZEN OF COLUMBIA COUNTY, FLORIDA, *Appellant,* v. COLUMBIA COUNTY, FLORIDA, *Appellee.*

Division B.

Opinion Filed June 26, 1926.

1.  Chapter 11459, Laws of Florida, Acts of the Special Session of the Legislature 1925, approved the 24th day of November, 1925, held valid.

2. The inclusion of the language in the resolution which was made the subject of objection is not repugnant to the provisions of Chapter 11459, Laws of Florida, and by the use of this language in the resolution the Board of County Commissioners have provided the method to meet a contingency, which contingency if it should arise would be required to be met by the identical method provided for in the resolution.

An appeal from the Circuit Court for Columbia County; M. F. Horne, Judge.

Affirmed.

*J. P. Huntley,* for Appellant;

*J. B. Hodges* and *R. W. Farnell,* for Appellee.

PER CURIAM.—Petition was filed in the Circuit Court of Columbia County, Florida, for the purpose of testing the validity of bond issue in the sum of $500,000.00, being issued by the County Commisioners of said county and under the provision of Chapter 11459, Laws of Florida, an enactment by the Special Session of Legislature of 1925, approved the 24th day of November, 1925.

Notice was published as such case required and a taxpayer, F. H. Ives, was by order of Court allowed to intervene and thereupon the tax payer filed an answer as follows, to-wit:

"The answer of F. H. Ives, a tax payer and citizen of Columbia County, Florida, to the bill of complaint of Columbia County, Florida, a county organized and existing under the laws of the State of Florida, complainant.

This defendant, reserving to himself the right of exception to the bill of complaint, for answer thereto, says:

That on the 30th day of March, 1926, the complainant filed its petition herein under and by virtue of Sections 3296

and 3297, General Revised Statutes of Florida, 1920, seeking the validation and confirmation of certain bonds mentioned therein, which bonds were issued in accordance with Chapter 11495, Laws of Florida, Special Session 1925, by the resolution of the County Commissioners of said County on the 2nd day of March, 1926, as appears by Exhibit No. 9, attached to said petition or bill of complaint, and that on the 30th day of March, 1926, the Judge of said Court filed said petition and issued an order directed to the State of Florida, and that on the same day the Clerk of this Court, pursuant to Section 3297, Revised General Statutes of Florida, 1920, issued a notice to the tax payers and citizens of Columbia County, Florida, aforesaid, notifying the tax payers and citizens of said county that such petition had been filed and presented, praying for the validation and confirmation of certain road bonds proposed to be issued by said county in the sum of Five Hundred Thousand ($500,000.00) Dollars, claiming that such bonds had been authorized to be issued by such Chapter, aforesaid, and such notice has been published according to law, and this defendant in reponse to said notice, and by leave of the court had and obtained answers and says:

(1)

That he is a tax payer and citizen of the County of Columbia, that he now intervenes in said matter, and says that the County Commissioners in and by the resolution before mentioned, adopted on the 2nd day of March, 1926, provided in said resolution as follows, to-wit:

'On in the event that the said gasoline tax shall prove inadequate in whole or in part to pay the interest on the said bonds or to create a sinking fund for the payment of the principal thereof at maturity.'

And that such resolution of such County Commissioners included therein the following words, to-wit:

'And to meet any inadequacies or insufficiency in the amount received from the said gasoline tax for the said purposes.'

And this intervenor says that the inclusion of such words above are not authorized by Chapter 11459, Laws of Florida, Special Session, 1925, and that the proceedings and the resolution aforesaid of the County Commissioners, including such words relative to the issuance of said bonds are illegal and invalid, because of the presence of such words in such resolution, and that the County Commissioners of such County and the County of Columbia, aforesaid, should be enjoined from issuing the bonds sought to be issued in said resolution under such act of Legislature, aforesaid, because such resolution contains such unauthorized and illegal words.

(2)

And this intervenor further answering says, that the resolution mentioned above and all of the proceedings had and taken under and by virtue of such act are legal, except the inclusion of the words above quoted, and this intervening tax payer and citizen of said county prays that the County of Columbia be enjoined from issuing the bonds mentioned in the petition because of the use of such unauthorized words in such resolution.''

Motion to strike the answer was interposed as follows:

''Now comes the complainant above, by its Solicitors undersigned, and moves the court to strike from the answer of F. H. Ives, a tax payer and citizen of Columbia County, who has intervened and filed an answer under the laws of Florida, paragraph one of said answer, upon the following grounds, to-wit:

(1)

That Chapter 11459, Laws of Florida, Special Session 1925, relative to the issuance of road bonds by Columbia County, Florida, authorizes the issuance of such bonds

2—Vol. 92.

under the terms of the resolution adopted by the County Commissioners of the said County on the 2nd day of March, 1926, and authorizes the use of the words objected to in such paragraph of such answer.

(2)

That such act plainly contemplates that in the event that the gasoline tax mentioned therein should prove inadequate in whole or in part to pay the interest on said bonds, or to create the sinking fund mentioned therein, that a tax should be levied annually upon all the taxable property in said county subject to taxation for county purposes, for a sufficient sum to pay the interest on said bonds, and to meet the amounts annually required to create a sinking fund and to meet any inadequacies or insufficiency in the amount received from the gas tax to meet said purposes.

(3)

That under the terms and provisions of the act mentioned in said paragraph of said answer and in the petition herein, it is necessary that the words objected to by such answer be used in the issuance of said bonds in order that the holders of such bonds might be protected.''

This motion was granted and default was entered against all tax payers except Ives.

Decree Pro Confesso was entered as follows:

''This cause came on this day to be heard upon the motion of Columbia County, Florida, a county organized and existing under and by virtue of the laws of the State of Florida, complainant, for a Decree Pro Confesso against the citizens and tax payers of said county, except F. H. Ives, a citizen and tax payer of said county, who has filed an answer herein, and portions of which answer have been stricken upon motion, all of whom have failed to sufficiently answer or demur to the petitioner's petition herein on the 24th day of April, 1926, or to sufficiently show cause why the bonds mentioned in said petition should not

be validated and confirmed, and it appearing that an order has been made and notice duly given and published, as is provided by Section 3297, Revised General Statutes of Florida, 1920, and that there has been a default upon the part of all of the tax payers and citizens of said Columbia County, Florida, aforesaid, except F. H. Ives, portions of whose answer herein has been stricken, and all of the tax payers and citizens of said Columbia County, Florida, except as above, have failed to sufficiently plead, answer, or demur to the petition filed in said cause, or to show cause or reason why the prayer of said petition should not be granted, as appears by the files of said cause herein and now before the court.

It is, therefore, upon due consideration thereof and pursuant to notice, considered, ordered, adjudged, and decreed, that the allegations of said petition to be taken as confessed against all of the tax payers and citizens of Columbia County, Florida, aforesaid, except the said F. H. Ives, and that the complainant, the petitioner herein, proceed ex parte in said cause, as to all of the said tax payers and citizens of said Columbia County, Florida, as it may be advised.

Done, ordered and adjudged at Jasper, Florida, in Hamilton County, Florida, this 24th day of April, 1926.''

Thereupon Ives having refused to plead further, the Court entered a final decree in the following language:

''The above cause came on for a further hearing upon the petition of the complainant, the answer of the State of Florida, and the same having been set down for hearing on the bill and answer of the State, and it appearing that due and sufficient notice of such hearing has been given to the State of Florida, as appears by the files and records herein, and it further appearing that F. H. Ives, a tax payer and citizen of Columbia County, Florida, has filed an answer herein, and that upon notice to his counsel, por-

tions of such answer have been stricken, as is provided by law, and it further appearing that the said F. H. Ives has refused to plead further, and this cause has been set down by him on bill and answer, and that his answer, after portions of the same have been stricken, admits the allegations of the petition, and it further appearing that a Decree Pro Confesso has been by the court duly entered against all the tax payers and citizens of the said Columbia County, Florida, a county organized and existing under and by virtue of the laws of the State of Florida, except the said F. H. Ives, that due notice has been had and given to all such tax payers and citizens of said Columbia County, Florida, including the said F. H. Ives, as aforesaid, and it further appearing that the statutes of the State of Florida authorizing the confirmation and validation of bonds have been fully and completely complied with by the complainant; that due notice of this application for a final decree has been had and given, and that the said F. H. Ives, a tax payer and citizen of said County is represented before the court by counsel, and after argument of the same by counsel, the Court being advised of the proper order to be made in said case.

It is, therefore, considered, ordered, adjudged, and decreed as follows:

1.

That this court has jurisdiction of this cause and the parties hereto, and the subject matter hereof.

2.

That the equities of this case are with the petitioner, said Columbia County, Florida, a county organized and existing under and by virtue of the laws of the State of Florida, and that it is entitled to the relief prayed for in the bill herein for the validation and confirmation of the

bonds proposed to be issued and described in the petition herein, which is hereby accordingly decreed.

### 3.

And the court further finds, and hereby decrees to be valid, legal and binding in all respects, and validates and confirms, all of the proceedings had and taken in connection with the issuance of the bonds mentioned in the petition herein, including the passage of the resolution of the County Commissioners, Columbia County, Florida, on the 2nd day of March, 1926, a certified copy of which said resolution is attached to the petition herein, and the publishing of all notices mentioned in the petition and all other matters and things in connection therewith.

### 4.

And the court further finds and hereby decrees to be valid, legal and binding in every respect, Chapter 11459, Laws of Florida, Special Session, 1925, entitled;

'An Act to authorize the Issuance and Sale of Five Hundred Thousand Dollars worth of interest bearing bonds of Columbia County, Florida, for the purpose of hard-surfacing State Road Number 5-A, State Road Number 28, and for hard-surfacing a road from Lake City to the Georgia Line via Benton, and to build a complete system of lateral settlement roads throughout said County; to provide for the payment of the interest and final redemption of said bonds; to provide for the appointment of trustees to handle the expenditure of the proceeds of said bonds and to provide upon what terms and conditions this Act shall go into effect,' a certified copy of which is attached to the petition herein, together with the notice of an election called and held in Columbia County, Florida, for the ratification of such act by a majority of the qualified electors of said county, and all of the proceedings of the Board of County Commissioners relative to the calling and holding of

such election, and the canvassing of the returns thereon, and the proclaiming of the same to be effective by the Governor of the State of Florida, as is provided in and by said Act; and the court further finds that the resolution of the Board of County Commissioners of said Columbia County, Florida, adopted on the 2nd day of March, 1926, issuing Five Hundred Thousand ($500,000.00) Dollars worth of bonds, as provided for in such Chapter, and a certified copy of which resolution is attached to the petition herein as Exhibit No. 9, to be valid, legal, and binding in every respect, and that the Board of County Commissioners of Columbia County, Florida, shall

'In each year whilst the said bonds or any of them are outstanding and unpaid, there shall be set aside annually a sum sufficient to pay the interest on said bonds and also a sum sufficient to constitute a sinking fund to meet the principal of said bonds when due. Said sums shall so be set aside out of any moneys made payable by the laws of the State of Florida to said Columbia County, Florida, as part of the proceeds of the State Gasoline Tax provided for by Chapter 9120, Acts of 1923, Laws of Florida, and any acts amendatory thereof, and it shall be the duty of the respective officers of the said County charged with the receipt and application of said gasoline taxes, to so set aside and apply the said moneys for the purpose of paying the interest and creating a sinking fund for the payment of the principal of said bonds. In the event that said gasoline tax or the moneys derived therefrom, shall for any reason by legislative act or otherwise be withdrawn from the use of the said Columbia County, Florida, *or in the*

*event that the said gasoline tax shall prove in-
adequate in whole or in part to pay the interest on
the said bonds or to create a sinking fund for the
payment of the principal thereof at maturity,*
there shall be levied annually a tax upon all the
taxable property, in the County subject to taxa-
tion for county purposes, sufficient to pay the in-
terest on said bonds and also to meet the amounts
annually required to be set aside as a sinking fund
for the retirement of the said bonds at maturity
*and to meet any inadequacies or insufficiency in
the amount received from the said gasoline tax
for the said purposes.'*

in order to meet the interest semi-annually on said bonds,
and to create a sinking fund with which to retire the same.

5.

And the court further finds and decrees to be valid, legal,
and binding, and hereby decrees the validation and con-
firmation of the bonds of said Columbia County, Florida
aforesaid, in the sum of Five Hundred Thousand ($500,-
000.00) Dollars mentioned above, and specifically described
in such resolution aforesaid, and so issued by the County
Commissioners of said County as aforesaid.

6.

And the court further finds that said bonds, when issued,
shall be, and they are hereby declared to be valid, legal, and
binding obligations and bonds of said Columbia County,
Florida, a county organized and existing under and by
virtue of the State of Florida, including the interest cou-
pons attached thereto, and that this decree shall be forever
conclusive as to the validity of said bonds and the interest
coupons against the said Columbia County, Florida, afore-
said, and against the tax payers and citizens thereof, in-

cluding the said F. H. Ives, aforesaid, and the Clerk of this Court is hereby directed to endorse on each of said bonds when issued, a notation of the entry of this decree of validation and confirmation, as is required by the statute in such cases made and provided.

### 7.

And the court further finds that the cost of this proceeding shall be taxed by the Clerk of this court, and that the same shall be paid by the petitioner herein, the said Columbia County, Florida, aforesaid.

Done and ordered by the Court at Chambers, at Jasper, in said State and Circuit, pursuant to notice, and after argument as aforesaid, on this the 24th day of April, 1926.''

From the above quoted decree appeal was taken to this Court and the appellant filed one assignment of error as follows:

''That the court erred in its order dated on the 24th day of April, 1926, wherein and whereby it struck from the answer of this appellant paragraph 1 of said answer.''

The objection of the appellant, which is urged as affecting an invalidity in the bond issue and which was presented by paragraph one of his answer, is that the board of County Commissioners included in the resolution adopted the 2nd day of March, which was a resolution to provide funds sufficient to pay the interest on the bonds and to set aside a sinking fund for the retirement of bonds at maturity, the words, ''or in the event that the said gasoline tax shall prove inadequate in whole or in part to pay the interest on the said bonds or to create a sinking fund for the payment of the principal thereof at maturity.'' And also the words ''and to meet any inadequacies or insufficiency in the amount received from the said gasoline tax for the said purposes.''

The resolution is quoted in full in the Chancellor's decree and the words objected to are shown in *italics*.

It appears to this Court that the question raised does not address itself to the validity of the bond issue nor does it affect the authority of the County Commissioners to issue bonds, except, in this: that County Commissioners have no right to issue bonds for the construction of highways until they have provided by resolution a sinking fund for the redemption. This may be done, however, at anytime before the bonds are sold or finally disposed of in the manner authorized by statutes. Potter v. Lainhart, et al., 44 Fla. 647, 33 South. Rep. 251.

The inclusion of the language in the resolution which was made the subject of objection is not repugnant to the provisions of Chapter 11459, Laws of Florida, and by the use of this language in the resolution the board of County Commissioners have provided the method to meet a contingency, which contingency if it should arise would be required to be met by the identical method provided for in the resolution.

We find no error in the decree of the Chancellor and the same is therefore affirmed.

Affirmed.

BROWN, C. J., AND TERRELL, STRUM, AND BUFORD, J. J., concur.

WHITFIELD AND ELLIS, J. J., dissent.

WHITFIELD AND ELLIS, JUSTICES, dissenting.

The act under which the County issued the bonds described in the petition provided for hardsurfacing State Road No. 5-A and State Road No. 28, among other purposes

for which funds could be raised by the means outlined in the act.

The objection raised by the appellant to the validation of the bonds is that the resolution of the Board of County Commissioners providing for the issuing of the bonds which were authorized by Chapter 11459 Laws of Florida, Special Session, 1925, and ratified by the voters of Columbia County at a special election held for the purpose of deciding whether the act should become effective, should not have provided for the levying of a tax for interest and a sinking fund to pay the principal and should not have contained the condition that the tax was to be levied only in the event that the gasoline tax apportioned by the State to Columbia County should prove inadequate in whole or in part for that purpose.

The clause containing the only question presented by the answer was stricken and the bond issue was validated on default.

Upon the point presented by the answer of the intervenor we think the decree of the court was within error; but we are unable to agree to the proposition necessarily involved in the record, that the act was valid which undertook to authorize the County of Columbia to levy and assess a tax for a State purpose, namely: the construction in part of State Road Nos. 5-A and 28.

Our views upon this question are set out at length in the dissenting opinions in the case of Lewis et al. v. Leon County, decided in December, 1925.